[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Zeake Thomas (Thomas), has moved to open and set aside a judgment against him which was entered on July 20, 1994 in favor of the plaintiff, Burton Fontaine (Fontaine), in the amount of $112,352.82 after a hearing in damages.
The defendant claims that he was not properly served with the complaint but that he filed an appearance. He also claimed he did not receive notice of the judgment until November, 1996. Finally, he claims that suit was brought and judgment was entered against Zeake Thomas, whereas his real name is Virgil Thomas.
The plaintiff presented evidence that the writ, summons and complaint was served in hand on the November 2, 1992. On November 6, 1992, the defendant wrote a letter to the plaintiff's attorney acknowledging receipt of service. On February 18, 1993, the defendant wrote to the court after receiving notice of the defendant, requesting notice of the court's action. (Def. Exh. 1.) However, his letter does not give the case caption or docket number. More importantly, he fails to supply the court with any address or phone number where he can be contacted. He claims this letter constituted an "appearance".
Due to his failure to appear, a Motion for Default for Failure to Appear was granted. The matter was placed on the hearing in damages list, was tried on July 20, 1994, and judgment was entered.
The defendant claims he did not receive notice of the judgment as required by Practice Book § 354. He contends his failure to receive notice requires the court to grant his motion. However, the court finds that he failed to file an appearance or to defend the action even though he was properly served.
Practice Book § 64(b) defines an appearance as a document which: CT Page 7963
 shall (1) be typed or printed . . . (2) be headed with the name and number of the case, . . . (3) be legibly signed by the individual preparing the appearance with his own name and (4) state the party or parties for whom the appearance is being entered and . . . the individual whose appearance is being entered and mailing address.
The defendant's letter contains none of the requirements of Practice Book § 64(b) other than that it was typed and signed by the defendant. The court, therefore, finds that the document fails to constitute a valid appearance in that it lacks in both form and substance the minimum Practice Book requirements. Thus, the court must find that no appearance was filed by the defendant, despite evidence that he received in-hand service.
Practice Book § 354 provides that notice of a judgment after default for failure to appear shall be mailed within ten days to the party against whom it is directed. The defendant now claims no notice was mailed to him. Practice Book § 326 states that a party may only move to open or set aside a judgment within four months of the entry of judgment. Connecticut General Statutes § 52-212 (a). In this case the motion to open was filed over two years after the judgment was entered.
The plaintiff acknowledges that his attorney did not send notice of the judgment in accordance with Practice Book § 354. However, he claims that since the defendant had personal service he had an opportunity to follow the proceedings every step of the way. Since he did not have notice of the judgment, the court must determine, after a hearing, whether the motion to open should be granted. The test is set forth in Practice Book § 377 and Connecticut General Statutes § 52-112 (b). The aggrieved party must demonstrate: 1) that a good defense existed at the time the judgment was rendered; and 2) that the party seeking to disturb the judgment was prevented from making that defense because of a mistake, accident or other reasonable cause.Carter v. Newman, 890265057 (Nov. 29, 1991) (Katz, J.).
The court finds that the plaintiff has met the first part of the test as to a good defense. It is the second part that is here in issue. He had actual notice of the case by reason of in-hand service. But he failed to take any action to appear or defend CT Page 7964 other than writing a letter to the clerk asking for information, which letter failed to give any address or phone number where he could be reached. He has failed to demonstrate that he was prevented from defending the plaintiff's case because of mistake, accident or other reasonable cause.
Where the defendant has actual notice of the suit and fails to file an appearance, retain counsel or present a defense, he does not have the benefit of now claiming a right to open the judgment under the Practice Book Rules and the statute that allow for opening the judgment. Carter, supra.
In conclusion, the court finds that the defendant failed to file an appearance after in-hand service which constituted actual notice. The court also finds that his claim of incorrect name to be frivolous since he testified he was known as Zeake and placed ads in the telephone book using the name Zeake Thomas. Finally, he failed to establish at the hearing before this court that he was prevented by mistake, accident or other reasonable cause from defending the case. In fact, the court finds just the opposite, that he knew what to do but was abusing the system by writing a letter to the clerk with no name or address instead of filing a proper appearance or retaining counsel.
The Motion to Open and Set Aside the Judgment is denied.
D. Michael Hurley Judge Trial Referee